**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:25-CR-00266-BMB |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL |
| | ) | ARMSTRONG |
| CIRO ZAMORA-PALAFOX | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |

## I.    INTRODUCTION

This matter is before me on the Government's motion for detention of Defendant Ciro Zamora-Palafox ("Mr. Zamora-Palafox") pursuant to 18 U.S.C. § 3142. For the reasons set forth below, the Government's motion is denied, and I order that Mr. Zamora-Palafox be released on bond with the standard and special conditions set forth herein, including location monitoring and home detention.

## II.  ANALYSIS

The Bail Reform Act permits the Government to move for detention under certain circumstances. Relevant here, the Government may seek pretrial detention if the case involves either (1) a serious risk that the defendant will flee; or (2) a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f)(2).[1] The

---

[1] In some cases, the Bail Reform Act creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community or will reasonably assure the defendant's appearance. *See* 18 U.S.C. § 3142(e)(2)-(3). It is undisputed that this is not a case where a presumption of detention applies.

1

Government seeks detention here solely based on a serious risk of flight. It does not argue that there is a serious risk Mr. Zamora-Palafox will obstruct justice or attempt to threaten, injure, or intimidate a prospective witness or juror.

Detention hearings under the Bail Reform Act involve a two-step process. First, "[t]he Court is authorized to conduct a detention hearing (*i.e.*, to consider whether to detain [a] [d]efendant) only if the Government first establishes that one of the circumstances listed in . . . Section 3142(f) exists." *United States v. Mendoza-Balleza*, 420 F. Supp. 3d 716, 716 (E.D. Tenn. 2019). In this case, that means the Government must show, by a preponderance of the evidence, that there is either (1) a serious risk that Mr. Zamora-Palafox will flee; or (2) a serious risk that he will obstruct or attempt to obstruct justice, or will threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. *See* 18 U.S.C. § 3142(f)(2); *United States v. White*, No. 3:21-mj-04070, 2021 WL 2155441, at *3-6 (M.D. Tenn. May 27, 2021) (citing cases). If the Government meets its burden to obtain a detention hearing, it must then show by a preponderance of the evidence that there are no conditions or combination of conditions that would reasonably assure Mr. Zamora-Palafox's appearance or the safety of any other person and the community. 18 U.S.C. § 3142(e)(1); *White*, 2021 WL 2155441 at *3.

Here, Mr. Zamora-Palafox does not challenge or argue whether the Government has met its burden to obtain a detention hearing, so this issue is not before the Court. I will therefore  analyze whether there are any conditions or combination of conditions that can reasonably assure Mr. Zamora-Palafox's appearance.

**A. <u>Whether a Condition or Combination of Conditions Can Reasonably Assure Mr. Zamora-Palafox's Appearance</u>**

§ 3142(g) sets forth four factors that a reviewing court must consider in determining whether there is a condition or combination of conditions that will reasonably assure the defendant's appearance: (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

The § 3142(g) analysis is complicated in this case because Mr. Zamora-Palafox is subject to an ICE detainer and will likely be deported if he is released pending trial., Courts in this circuit and throughout the county are divided on whether, and to what extent, an ICE detainer bears on the risk of non-appearance. Some courts have held that a defendant's appearance cannot be reasonably assured where the government is likely to remove the defendant from the country. *See United States v. Rodriguez-Fuentes*, No. 5:24-CR-00122-KKC-MAS, 2025 WL 711955, at *7 (E.D. Ky. Mar. 5, 2025) ("if ICE initiated removal proceedings and Rodriguez-Fuentes was deported, he would not be able to appear for future Court proceedings. The Court, thus, finds that there is preponderant evidence that he will not appear for court if released"); *United States v. Cobix-Espinoza*, 655 F. Supp. 3d 584, 597 (E.D. Ky. 2023) (holding that defendant's likely removal from country if released "weighs heavily in favor of detention, and it alone nearly compels a finding that the United States has demonstrated by a preponderance of evidence that no release condition can assure [his] future appearance in this matter").

Other courts have held that the existence of an ICE detainer is irrelevant to the analysis because the risk of non-appearance, like the risk of flight, involves an element of volition.

*See*, *e.g.*, *United States v. Santos-Flores*, 794 F.3d 1088, 1091-92 (9th Cir. 2015) (holding that the "risk of nonappearance referenced in 18 U.S.C. § 3142 must involve an element of volition" and that district court erred in relying on ICE detainer to find that no condition or combination of conditions would reasonably assure defendant's appearance); *United States v. Montoya-Vasquez*, No. 4:08CR3174, 2009 WL 103596, at *5 (D. Neb. Jan. 13, 2009) ("I conclude that 'failure to appear' as used in the Bail Reform Act is limited to the risk that the defendant may flee or abscond, that is, that he would fail to appear by virtue of his own volition, actions and will").

A third line of cases holds that the existence of an ICE detainer is not dispositive but is relevant when weighing the § 3142(g) factors. *See United States v. Avelarea-Padilla*, No. 3:18 CR 291, 2018 WL 8899334, at *3 (N.D. Ohio Oct. 25, 2018) (holding that defendant's impending deportation was one factor in analysis but was outweighed by other factors); *United States v. Sanchez-Martinez*, No. 13-cr-00236-JLK, 2013 WL 3662871, at *5 (D. Colo. July 12, 2013) ("While the court cannot detain Mr. Sanchez-Martinez based solely on his immigration status or the ICE detainer, those facts are relevant and should be considered in the court's application of the Bail Reform Act."); *United States v. Vasquez-Robles*, No. 2:25mj55, 2025 WL 1090884, at *5 (E.D. Va. Apr. 7, 2025) ("the Government correctly argued that the Court may still consider the Defendant's ICE detainer and potential deportation as factors that may motivate him to flee and not appear").

To the extent the Government is arguing here that the risk of non-appearance includes the Government's involuntary removal of a defendant pursuant to an ICE detainer and order of removal, I disagree, and instead find persuasive the decisions holding held the risk of non-appearance contemplates a volitional act on the part of the defendant. In reaching that

conclusion, it is important to note that "deportable aliens are not per se ineligible for bail . . . ." *United States v. Veloz-Alonso*, 910 F.3d 266, 270 (6th Cir. 2018). However, "[i]f the court could consider as determinative the speculative probabilities that a defendant would be removed from this country by ICE once he is placed in ICE custody, it would effectively mean that no aliens against whom ICE places detainers could ever be released on conditions." *Montoya-Vasquez*, 2009 WL 103596 at *5. It is also notable that Congress could have created a rebuttable presumption in the Bail Reform Act that detention applies to defendants who are charged with illegal reentry but did not do so. *See United States v. Arnodo-Mercado*, No. 3:23-CR-119-JGC, 2023 WL 2633543, at *3-4 (N.D. Ohio Mar. 24, 2023).

At the same time, I disagree with decisions holding that an ICE detainer has no bearing whatsoever on the analysis. The existence of the ICE detainer provides potential incentives for Mr. Zamora-Palafox to avoid appearing. I will thus consider the ICE detainer as one factor in the analysis but will not consider it as conclusive proof that Mr. Zamora-Palafox's appearance cannot be reasonably assured.

I emphasize that nothing in this order should be read to suggest that ICE is somehow precluded from removing Mr. Zamora-Palafox if he is released. Significantly, Mr. Zamora-Palafox concedes this is the case, and I agree. *See Veloz-Alonso*, 910 F.3d at 270 (holding that "ICE may fulfill its statutory duties under the [Immigration & Nationality Act] to detain an illegal alien pending trial or sentencing regardless of a [Bail Reform Act] release determination"). I merely conclude that the ICE detainer should not be considered conclusive proof that Mr. Zamora-Palafox's appearance cannot be reasonably assured. Accordingly, I will proceed to consideration of the § 3142(g) factors, viewing the ICE detainer as a relevant factor, but not a dispositive one.

### 1. The Nature and Circumstances of the Offense

The first § 3142(g) factor is the nature and circumstances of the offense, including whether the offense is a crime of violence or involves sex trafficking, terrorism, a minor victim, a controlled substance, a firearm, explosives, or a destructive device. 18 U.S.C. § 3142(g)(1).

The Government has charged Mr. Zamora-Palafox with illegal reentry. While illegal reentry reflects willful disobedience of a prior court order, it is not a crime of violence, does not involve a controlled substance, firearm, explosive, or destructive device, and does not otherwise fall within the offenses listed in § 3142(g)(1). In addition, the maximum penalty that Mr. Zamora-Palafox faces is a relatively modest two years' imprisonment. *See* 8 U.S.C. § 1326(a). This nature of the offense thus, on balance, weighs in favor of Mr. Zamora-Palafox. *See United States v. Jiminez-Lopez*, No. 18-mj-30320, 2018 WL 2979692, at *3 (E.D. Mich. June 14, 2018) (holding that nature of illegal reentry offense weighed in favor of release pending trial because defendant's likely guideline range was zero to six months and offense did not involve crime of violence, minor victim, or controlled substances); *Arnodo-Mercado*, 2023 WL 2633543 at *3 (holding that nature of the offense weighed in favor of defendant where defendant was charged only with illegal reentry).

### 2. The Weight of the Evidence Against Mr. Zamora-Palafox

The second factor is the weight of the evidence against Mr. Zamora-Palafox. 18 U.S.C. § 3142(g)(2). This factor "goes to the weight of the evidence of dangerousness [or non-appearance], not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010).

While I will not consider Mr. Zamora-Palafox's potential nonappearance as a result of the Government involuntarily removing him, the fact that he faces likely deportation

increases his risk of nonappearance. And the fact that he has not complied with numerous court removal orders in the past supports the Government's argument. However, while I conclude that the second factor weighs in favor of the Government, countervailing considerations limit the impact of this factor, including the other § 3142(g) factors and my conclusion that there are conditions or combination of conditions that will reasonably assure Mr. Zamora-Palafox's appearance at future court proceedings.

### 3. *Mr. Zamora-Palafox's History and Characteristics*

The third factor is the history and characteristics of Mr. Zamora-Palafox, including his character, family and community ties, employment, resources, length of residence, past conduct, history of drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether he was on probation, parole or other release at the time of his arrest. 18 U.S.C. § 3142(g)(3). While there is evidence on both sides with respect to this factor, I conclude that this factor weighs in favor of Mr. Zamora-Palafox.

The evidence presented at the hearing established that Mr. Zamora-Palafox has lived in Ohio for over a year with his brother and sister-in-law, who testified at the hearing. Mr. Zamora-Palafox's sister-in-law also testified that he works over 60 hours per week in construction. The Pretrial Services Report also states that Mr. Zamora-Palafox has family living outside the country, including four children, a factor that weighs against him.

It is also undisputed that, beyond his immigration removal proceedings, Mr. Zamora-Palafox has no criminal history despite, as his counsel points out, living in the United States for over 20 years. Mr. Zamora-Palafox's decision to disobey numerous court orders and reenter the country after his removal should not be minimized and raises questions about his willingness to follow court orders in these proceedings. Nonetheless, his family ties, employment history, and criminal history mean that this factor ultimately weighs in his favor.

7

**4.  Whether Mr. Zamora-Palafox Presents a Danger to Any Person or the Community**

The fourth and final factor is the nature and seriousness of the danger to any person or the community that would be posed by Mr. Zamora-Palafox's release. § 3142(g)(4). This factor weighs heavily in his favor, as the Government does not dispute that he does not present a danger to any person or the community.

In sum, the Government has presented evidence establishing that there is a risk of non-appearance, including as a result of the ICE detainer and prior failure to follow court removal orders. However, considering the § 3142(g) factors as a whole, including Mr. Zamora-Palafox's family ties, community ties, employment, and the apparent lack of danger to the community, the Government has failed to establish by a preponderance of the evidence that no condition or combination of conditions can reasonably assure his appearance. Specifically, I find that Mr. Zamora-Palafox's appearance can be reasonably assured through a combination of home detention and location monitoring, in addition to other standard conditions. The Government's motion is therefore denied.

## III.  CONCLUSION

For the foregoing reasons, the Government's motion for detention is denied. I hereby order that Mr. Zamora-Palafox be released subject to a combination of conditions, including home detention and location monitoring, as directed by the Pretrial Services officer, after Pretrial Services completes a home inspection and concludes that the residence is appropriate for monitoring.

Dated:  June 11, 2025

*/s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

8

9